[No. 11897.   In Bank. — December 30, 1887.]

BANK OF TEHAMA COUNTY, APPELLANT. *v.* W. D. CRUMLEY, RESPONDENT.

FINDING — MONEY LOANED TO WIFE — AGENCY. — In an action to recover money alleged in the complaint to have been borrowed by the wife of the defendant as his agent, a finding that the wife borrowed the money for her own use and benefit is a sufficient finding on the allegation, as it necessarily precludes the truth of the averment that she contracted as agent for her husband.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. F. Ellison,* for Appellant.

*J. Chadbourne,* for Respondent.

FOOTE, C.— This is an action brought by the plaintiff to recover several sums of money aggregating about four hundred dollars, from the defendant, it being alleged that the same was borrowed by the defendant's wife as his agent. The answer denies all the allegations of the

complaint, and to each of the several causes of action stated in the complaint, set up by way of further defense the following facts: "That during all the times mentioned in said . . . . cause of action, during which the said Sarah E. Crumley is alleged to have been the wife and authorized agent of the defendant, to manage his business and borrow money, she had a large amount of property in her possession and control and management, belonging to her and her daughter by a former husband, in which property the defendant had no interest, and that the said sum . . . . alleged to have been borrowed for and on account of the defendant was in fact borrowed by the said Sarah E. Crumley for her own separate use and benefit, in the support and education of her said daughter, and in the management of her said separate property."

The plaintiff claims that the court should have found upon all the material allegations of the complaint, since the answer contained a general denial of them.

The special defense set up in the defendant's answer, if true, necessarily precluded the truth of the allegations of the complaint that Mrs. Crumley contracted the debt as her husband's agent. She could not contract the same debt as agent for her husband, and also for her own separate use and benefit. She must necessarily have contracted either as her husband's agent or in her separate capacity as a married woman, having a separate estate, and contracting as such to charge it. As the court has found, following the allegations of her answer, that she contracted the debt for her own separate use and benefit, it must be presumed to have also found that she did *not* contract the debt as agent for her husband; since facts evinced by necessary inference from facts found will be treated as found.

There are no facts alleged in the complaint which, if they had been found by the court to exist, could have changed the decision and judgment, except the allega-

tion that Mrs. Crumley borrowed the money sued for as agent for her husband; this allegation having been found, as we have seen, *not* to be true, findings upon any other allegation of the complaint would have been immaterial.

We do not agree with the appellant's further contention that the evidence is insufficient to support the decision.

Perceiving no error in the record, we are of opinion that the judgment and order should be affirmed.

HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.